UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.N., a minor, by and through her Guardian ad Litem NICOLE NEFF, NICOLE NEFF and CHRIS NEFF,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVIS UNIFIED SCHOOL DISTRICT, a public entity, SOLANO COUNTY OFFICE OF EDUCATION, a public entity, LILIA GUMAPAS, an individual, and CHRISTOPHER MEARS, an individual, and DOES ONE through FIFTY,<br><br>Defendants. | Case No.  2:20-CV-00562-KJM-EFB<br><br>**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 141 and 141.1, and Section VII of the Status (Pretrial Scheduling) Order [Doc. 22], set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and includes, but is not limited to, parties' personnel records and other records referencing employment or job performance, parties' student records, and parties' medical records.

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside

counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of

disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

1 purpose (e.g., to unnecessarily encumber or retard the case development process or to
2 impose unnecessary expenses and burdens on other parties) expose the Designating
3 Party to sanctions.

4   If it comes to a Designating Party's attention that information or items that it
5 designated for protection do not qualify for protection, that Designating Party must
6 promptly notify all other Parties that it is withdrawing the mistaken designation.

7   5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
8 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
9 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
10 under this Order must be clearly so designated before the material is disclosed or
11 produced.

12   Designation in conformity with this Order requires:

13   (a)  for information in documentary form (e.g., paper or electronic documents,
14 but excluding transcripts of depositions or other pretrial or trial proceedings), that
15 the Producing Party affix the legend "CONFIDENTIAL" to each page that contains
16 protected material. If only a portion or portions of the material on a page qualifies for
17 protection, the Producing Party also must clearly identify the protected portion(s)
18 (e.g., by making appropriate markings in the margins).

19   A Party or Non-Party that makes original documents or materials available for
20 inspection need not designate them for protection until after the inspecting Party has
21 indicated which material it would like copied and produced. During the inspection
22 and before the designation, all of the material made available for inspection shall be
23 deemed "CONFIDENTIAL." After the inspecting Party has identified the documents
24 it wants copied and produced, the Producing Party must determine which documents,
25 or portions thereof, qualify for protection under this Order. Then, before producing
26 the specified documents, the Producing Party must affix the "CONFIDENTIAL"
27 legend to each page that contains Protected Material. If only a portion or portions of
28 the material on a page qualifies for protection, the Producing Party also must clearly

1 identify the protected portion(s) (e.g., by making appropriate markings in the
2 margins).

3  (b)  for testimony given in deposition, that the Designating Party shall either
4 identify on the record, before the close of the deposition, all protected testimony, or
5 designate the transcript or portions thereof "CONFIDENTIAL" within ten (1) days
6 after the receipt of the transcript in any form.

7  (c)  for information produced in some form other than documentary and for any
8 other tangible items, that the Producing Party affix in a prominent place on the
9 exterior of the container or containers in which the information or item is stored the
10 legend "CONFIDENTIAL." If only a portion or portions of the information or item
11 warrant protection, the Producing Party, to the extent practicable, shall identify the
12 protected portion(s).

13  (d) Nothing contained in this Order shall be deemed to limit or waive any right
14 of the Parties to object to discovery with respect to any information or documents
15 which may be claimed to be outside the scope of discovery for any reason, including
16 without limitation the reason that is privileged, confidential, and/or protected by
17 individual privacy rights which would not adequately be protected by the provisions
18 of this Order.  Identification of any documents or information as Confidential
19 Information pursuant to this Order shall not constitute an admission or
20 acknowledgement on the behalf of any Party that such documents or information are
21 admissible as evidence in any proceeding in this action.  The Parties further retain
22 the right to use their own documents and information with complete discretion.

23  5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
24 failure to designate qualified information or items does not, standing alone, waive the
25 Designating Party's right to secure protection under this Order for such material.
26 Material unintentionally disclosed without the requisite designation may be
27 retroactively designated within twenty (20) days of its inadvertent production so
28 designated in the same manner and shall be treated appropriately from the date

written notice of the designation is provided to the other Party or Parties and/or counsel of record for the other Party or Parties.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain

1  confidentiality under Civil Local Rule 230 (and in compliance with Civil Local Rules
2  141 and 141.1, if applicable) within 21 days of the initial notice of challenge or within
3  14 days of the parties agreeing that the meet and confer process will not resolve their
4  dispute, whichever is earlier. Each such motion must be accompanied by a competent
5  declaration affirming that the movant has complied with the meet and confer
6  requirements imposed in the preceding paragraph. Failure by the Designating Party
7  to make such a motion including the required declaration within 21 days (or 14 days,
8  if applicable) shall automatically waive the confidentiality designation for each
9  challenged designation. In addition, the Challenging Party may file a motion
10 challenging a confidentiality designation at any time if there is good cause for doing
11 so, including a challenge to the designation of a deposition transcript or any portions
12 thereof. Any motion brought pursuant to this provision must be accompanied by a
13 competent declaration affirming that the movant has complied with the meet and
14 confer requirements imposed by the preceding paragraph.

15       The burden of persuasion in any such challenge proceeding shall be on the
16 Designating Party. Frivolous challenges, and those made for an improper purpose
17 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
18 expose the Challenging Party to sanctions. Unless the Designating Party has waived
19 the confidentiality designation by failing to file a motion to retain confidentiality as
20 described above, all parties shall continue to afford the material in question the level
21 of protection to which it is entitled under the Producing Party's designation until the
22 court rules on the challenge.

23       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

24       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
25 disclosed or produced by another Party or by a Non-Party in connection with this
26 case only for prosecuting, defending, or attempting to settle this litigation. Such
27 Protected Material may be disclosed only to the categories of persons and under the
28 conditions described in this Order. When the litigation has been terminated, a

Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Attorneys of record herein (including House Counsel and Outside Counsel of Record) and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Mediators agreed to by the parties who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) witnesses, during deposition or trial testimony;

(g) the author or recipient of a document containing the information or a

1 custodian or other person who otherwise possessed or knew the information.

2     (h) those categories of persons listed in paragraph 7.2(a) – (g) of this

3 Stipulation and Protective Order in matters involving allegation of injury or harm

4 caused by Travis Unified School District, Solano County Office of Education, Lilia

5 Gumapas, and/or Christopher Mears, however, that prior to the Disclosure of

6 "CONFIDENTIAL" Information or Items, counsel for the Party making the

7 Disclosure shall deliver a copy of this Stipulation and Protective Order to such

8 person, shall explain its terms to such person, and shall secure the signature of such

9 person on the Acknowledgment and Agreement to Be Bound" (Exhibit A);

10     (i) any other person that the Designating Party agrees to in writing.

11     8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

12

13     If a Party is served with a subpoena or a court order issued in other litigation

14 that compels disclosure of any information or items designated in this action as

15 "CONFIDENTIAL," that Party must:

16     (a) promptly notify in writing the Designating Party. Such notification shall

17 include a copy of the subpoena or court order;

18     (b) promptly notify in writing the party who caused the subpoena or order to

19 issue in the other litigation that some or all of the material covered by the subpoena

20 or order is subject to this Protective Order. Such notification shall include a copy of

21 this Stipulated Protective Order; and

22     (c) cooperate with respect to all reasonable procedures sought to be pursued by

23 the Designating Party whose Protected Material may be affected.

24     If the Designating Party timely seeks a protective order, the Party served with

25 the subpoena or court order shall not produce any information designated in this

26 action as "CONFIDENTIAL" before a determination by the court from which the

27 subpoena or order issued, unless the Party has obtained the Designating Party's

28 permission. The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)   make the information requested available for inspection by the Non-Party.

    (4)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the

11

court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(c) In the event that defendants SOLANO COUNTY OFFICE OF EDUCATION ("SCOE") and/or TRAVIS UNIFIED SCHOOL DISTRICT ("TUSD") are required, by a valid discovery request, to produce a Non-Party's confidential information which SCOE and/or TUSD believes is subject to the Family Educational Rights and Privacy Act of 1974 ("FERPA"), then SCOE and/or TUSD shall:

(1) Within 14 (fourteen) days of receipt of such request, SCOE and/or TUSD shall inform the parents/guardians of the affected students by way of mailing the letter attached hereto as "Exhibit B."

(2) At the end of a period of 30 (thirty) days from the date of mailing Exhibit B, and to the extent no other valid objections prohibit disclosure, disclose to the Requesting Party responsive documents and information for each student and parent/guardian who did not object to the release by way of returning Exhibit B to SCOE and/or TUSD within 20 (twenty) days of the date of mailing, or who has alternatively not filed a motion for a protective order.  No confidential information shall be produced for a student or parent/guardian who lodges an objection until the parties have met and conferred regarding the nature of the objection and any resulting motion is decided by the Court.  No confidential information shall be produced for a student or parent/guardian who files a motion for a protective order until such time as the motion is decided by the Court.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

1 and (d) request such person or persons to execute the "Acknowledgment and
2 Agreement to Be Bound" that is attached hereto as Exhibit A.

3    11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
          PROTECTED MATERIAL
4

5 When a Producing Party gives notice to Receiving Parties that certain
6 inadvertently produced material is subject to a claim of privilege or other protection,
7 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
8 Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
9 may be established in an e-discovery order that provides for production without prior
10 privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
11 parties reach an agreement on the effect of disclosure of a communication or
12 information covered by the attorney-client privilege or work product protection, the
13 parties may incorporate their agreement in the stipulated protective order submitted
14 to the court.

15    12.   MISCELLANEOUS

16    12.1  Right to Further Relief. Nothing in this Order abridges the right of any
17 person to seek its modification by the court in the future.

18    12.2  Right to Assert Other Objections. By stipulating to the entry of this
19 Protective Order no Party waives any right it otherwise would have to object to
20 disclosing or producing any information or item on any ground. Similarly, no Party
21 waives any right to object on any ground to use in evidence of any of the material
22 covered by this Protective Order.

23    12.3  Filing Protected Material. Pursuant to section VII of the Court's Status
24 (Pretrial Scheduling) Order [Doc. 22], no document will be sealed, nor shall a
25 redacted document be filed, without the prior approval of the court. If a document for
26 which sealing or redaction is sought relates to the record on a motion to be decided by
27 Judge Mueller, the request to seal or redact should be directed to her and not the
28 assigned Magistrate Judge. All requests to seal or redact shall be governed by Local

Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 3, 2020         WALKUP, MELODIA, KELLY & SCHOENBERGER

By:      /s/ Valerie N. Rose
DOUGLAS S. SAELTZER
KHALDOUN A. BAGHDADI
VALERIE N. ROSE
Attorneys for Plaintiffs
R.N., a minor, by and through her Guradian ad Litem NICOLE NEFF, NICOLE NEFF and CHRIS NEFF

Dated:  December 3, 2020         EDRINGTON, SCHIRMER & MURPHY

By:      /s/ Megan M. Symonds
TIMOTHY P. MURPHY
MEGAN M. SYMONDS
Attorneys for Defendants
TRAVIS UNIFIED SCHOOL DISTRICT, SOLANO COUNTY OFFICE OF EDUCATION and CHRISTOPHER MEARS

Dated: December 3, 2020         SPINELLI & NOTT


                                By:    /s/ Lynn Garcia
                                       LYNN GARCIA
                                       Attorneys for Defendant
                                       LILIA GUMAPAS

IT IS SO ORDERED.

Dated: <u>   December 8, 2020   </u>                                   /s/ Jeremy Peterson
                                                                JEREMY D. PETERSON
                                                                UNITED STATES MAGISTRATE JUDGE

1          EXHIBIT A

2     ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3     I, _____ [print or type full name], of

4     _____ [print or type full address], declare under

5 penalty of perjury that I have read in its entirety and understand the Stipulated

6 Protective Order that was issued by the United States District Court for the

7 Northern District of California on [date_____] in the case of Neff v. Travis

8 Union School District, et al., Case No. 2:20-CV-00562. I agree to comply with and to

9 be bound by all the terms of this Stipulated Protective Order and I understand and

10 acknowledge that failure to so comply could expose me to sanctions and punishment

11 in the nature of contempt. I solemnly promise that I will not disclose in any manner

12 any information or item that is subject to this Stipulated Protective Order to any

13 person or entity except in strict compliance with the provisions of this Order.

14     I further agree to submit to the jurisdiction of the United States District Court

15 for the Northern District of California for the purpose of enforcing the terms of this

16 Stipulated Protective Order, even if such enforcement proceedings occur after

17 termination of this action.

18     I hereby appoint _____ [print or type full name] of

19 _____ [print or type full address and

20 telephone number] as my California agent for service of process in connection with

21 this action or any proceedings related to enforcement of this Stipulated Protective

22 Order.

23

24     Date: _____

25     City and State where sworn and signed: _____

26     Printed name: _____

27     Signature: _____

28

17

EXHIBIT B

[PARENT/GUARDIAN ADDRESS]

**Re:** **R.N., et al., v. Travis Unified School District, et al.,
USDC, Eastern District of CA Case No. 2:20-CV-00562-KJM-EFB**

Dear Parent/Guardian:

This letter will serve to notify you of a judicial order requiring the disclosure of your student's record(s) and your family's contact information in connection with a lawsuit that has been filed against the Solano County Office of Education and Travis Unified School District now pending in the United States District Court for the Eastern District of California.

Our law firm, Edrington Schirmer & Murphy, represents the Defendants, Solano County Office of Education ("SCOE") and Travis Unified School District ("TUSD") in the lawsuit.

The lawsuit was filed by the family of plaintiff R.N., who is a minor disabled student . The plaintiff is represented by attorney Valerie Rose of the Walkup, Melodia, Kelly & Schoenberger law firm, reachable at 415.981.7210. The plaintiff alleges that R.N. was subjected to verbal, emotional and physical abuse by former special education paraprofessional Lilia Gumapas and/or former special education teacher Christopher Mears during the period she was enrolled as a special education student at Center Elementary School during the 2018/2019 school year.

Defendants SCOE, TUSD, Ms. Gumapas and Mr. Mears deny these allegations.

The Court has ordered that SCOE and TUSD provide plaintiff with certain records and/or information relating to your student as well as the names and contact information of you as the student's parent or guardian.

Plaintiff seeks this information because she claims that the documents and information are relevant to her claims and/or that you are likely to have information about the conditions of the classroom, the conduct of Ms. Gumapas and/or Mr. Mears, including their interactions with the disabled students in the classroom, and/or complaints, if any, made regarding Ms. Gumapas and/or Mr. Mears.

If released, your student's documents and your contact information **will be treated as confidential** under a protective order signed by Judge Kimberly

Mueller.

The protective order provides that your student's documents and your information shall remain confidential and may only be used in connection with the pending litigation described above. The information may only be released to the parties and their attorneys and consultants. The documents and/or contact information may not be released to any other party or for any other purpose.

SCOE and TUSD are not releasing any other information in your student's files other than information and/or records that are specifically responsive to plaintiff's discovery requests. If you are contacted by counsel for either side, you are not required to provide any information or to even to speak to them if you do not wish to.

If you object to the disclosure of your student's records and/or your contact information, the Court order requires you communicate that objection no later than (twenty days from the date of this letter) _____. Accordingly, please be advised that, unless we hear from you by _____, your student's records and information may be subject to disclosure as described above.

You may object to disclosure by completing to attached objection form and returning it in the enclosed self-addressed envelope.

**<u>Objection to Production of Student Information</u>**

I, _____ (print name) am the parent or guardian of _____ (print student's name).

_____ By initialing here, I object to SCOE or TUSD disclosing any of my student's records to the lawyers for the plaintiff.  If I do not initial here, I have no objection.

_____ (signature)

_____
_____
_____ (address)