1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   | R.N., a minor, by and through her Guardian ad Litem; NICOLE NEFF, et al., | No. 2:20-cv-00562-KJM-EFB |

ORDER

Plaintiffs,

v.

TRAVIS UNIFIED SCHOOL DISTRICT, et al.,

Defendants.

18          This matter is before the court on two separate defense motions to dismiss claims

19   involving alleged physical and psychological abuse of a minor by a paraeducator at her school.

20   Defendants Travis Unified School District (TUSD), Solano County Office of Education (SCOE)

21   and Special Education Teacher Christopher Mears (Mears) (collectively, District defendants)

22   move to dismiss eight of plaintiffs' nine claims.  District Mem. of P. & A. in Supp. of Mot. to

23   Dismiss (District MPA) at 5, ECF No. 34-1.[1]  Defendant Lilia Gumapas moves to dismiss five of

24   plaintiffs' six claims.[2]  Gumapas Mem. of P. & A. in Supp. of Mot. to Dismiss (Gumapas MPA

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

[2] At a meet and confer following plaintiffs' filing of the second amended complaint (SAC), plaintiffs agreed to dismiss their sixth claim alleging violation of mandatory reporting duty, Cal. Penal Code § 1166, against Gumapas.  Gumapas MPA ISO MTD at 5.

1

ISO MTD) at 5, ECF No. 33-1.  Plaintiffs minor R.N. and her parents Nicole Neff and Chris Neff (Mr. and Ms. Neff) oppose both motions to dismiss.  Pls.' Opp'n to District MTD (District Opp'n), ECF No. 40; Pls.' Opp'n to Gumapas MTD (Gumapas Opp'n), ECF No. 39.  District defendants have replied.  District Reply, ECF No. 42; Gumapas Reply, ECF No. 43.  The court submitted the motions without oral argument.  *See* ECF No. 41.  For the reasons below, **the court denies in part and grants in part defendants' motions**.

## I.    BACKGROUND

A detailed history of this case and plaintiffs' fundamental allegations, which remain the same, are set out in the court's December 8, 2020 order dismissing the complaint with leave to amend.  *See generally* Previous Order (Dec. 8, 2020), ECF No. 27.  The court thus briefly reviews and summarizes the allegations in the operative second amended complaint here.

Plaintiff R.N., a minor diagnosed with autism, Smith Lemli Optiz Syndrome (SLO), dyspraxia,[3] and other intellectual disabilities, attended the Center Elementary School (CES) in Solano County during the 2017–2018 and 2018–2019 school years.  SAC ¶¶ 24–25, ECF No. 9.  R.N.'s disabilities entitled her to receive special education services and support under the Individuals with Disabilities Education Act (IDEA).  *Id.* ¶ 24.  Defendants Mears and Gumapas served as R.N.'s teacher and paraeducator, respectively.  *Id.* ¶ 25.  While R.N. was assigned to Mears' classroom, plaintiffs allege R.N. "was subjected to ongoing physical and psychological abuse by Gumapas as a form of corporal punishment and/or behavior coercion . . . ."  *Id.* ¶ 26.  This abuse includes incidents occurring on November 14, 2018, wherein Gumapas kicked, grabbed, pushed, dragged, pinned, or pulled R.N., while also verbally assaulting her.  *Id.* ¶ 27.

Following the November 14 incidents, SCOE Principal of Special Education Ilah Feeney (Feeney) reported Gumapas' misconduct to the Fairfield Police Department (FPD).  *Id.* ¶ 34.[4]

---

[3] SLO is a cognitive impairment syndrome and dyspraxia is a neurological disorder that impacts a person's ability to plan and process motor tasks. *See* "Smith-Lemli-Opitz Syndrome," https://www.ncbi.nlm.nih.gov/books/NBK1143/ (last updated January 30, 2020).

[4] In March 2021, the parties stipulated to dismissal of Feeney as a defendant. *See* ECF No. 36.  Accordingly, the court dismissed Feeney and does not address the claims enumerated against Feeney in the operative complaint. *See* ECF No.  37.

The "police investigation revealed that [school] staff made reports about Gumapas' misconduct prior to November 14" to school leadership, including reporting Gumapas' pinching of students, verbally insulting them, kicking a student, pulling students, pinning students into their seats and one to a fence, being "very hands on" or "too physical" with students, holding students by their clothing, patting a student's butt "to get them to stand up," and tapping students on their mouths. *Id*. ¶¶ 28, 36.  Unlike plaintiff's first amended complaint, the second amended complaint alleges this specific misconduct identified in the police report.  *Id.*  The complaint also avers Mears and multiple paraeducators in his classroom provided written reports and emails to Feeney documenting Gumapas' "ongoing mistreatment of students in her care including R.N. . . ." *Id.* ¶ 28.  Plaintiffs further allege this misconduct occurred on various dates between September 18 and October 30, 2018, and that at least one other teacher told Mears she "was concerned for the safety of students" under Gumapas' care.  *Id.* ¶¶ 28, 29.

Ten claims remain in the second amended complaint: (1) violation of Constitutional rights under 42 U.S.C. § 1983; (2) violation of the Americans with Disabilities Act (ADA); (3) violation of the federal Rehabilitation Act; (4) negligence; (5) negligent hiring, supervision, or retention of an employee; (6) battery; (7) discrimination in violation of the Unruh Civil Rights Act; (8) violation of the mandatory reporting duty; (9) discrimination in violation of the Bane Act; and (10) intentional infliction of emotional distress (IIED).  *Id.*  ¶¶ 64–209.  All claims, except for the § 1983 and battery claims, are the subject of at least one pending motion.  *See* District MPA ISO MTD at 2; *see also* Gumapas MPA ISO MTD at 2.

In December 2020, this court granted defendants' prior motions to dismiss, with leave to amend all but one claim.  *See generally* Previous Order (Dec. 8, 2020).  In the order, the court observed that citations in a future amended complaint to transcripts of body camera footage from the FPD's investigation of Gumapas could cure some deficiencies in the complaint.  *Id.*

## II.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss

1    "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a

2    cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3         Although a complaint need contain only "a short and plain statement of the claim showing

4    that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to

5    dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

6    to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

7    *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more

8    than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and

9    conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting

10   *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss

11   for failure to state a claim is a "context-specific task that requires the reviewing court to draw on

12   its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the

13   interplay between the factual allegations of the complaint and the dispositive issues of law in the

14   action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

15        In making this context-specific evaluation, this court must construe the complaint in the

16   light most favorable to the plaintiff and accept as true the factual allegations of the complaint.

17   *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "'a legal conclusion

18   couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) quoted in

19   *Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial

20   notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v.*

21   *Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).

22   **III.   ANALYSIS**

23        **A.   District Defendants' Motion to Dismiss**

24        District defendants contend the court should dismiss plaintiffs' case for: (1) failure to

25   exhaust administrative remedies under the ADA and § 504 of the Rehabilitation Act; (2) the

26   failure of plaintiffs Nicole and Chris Neff's to allege sufficient facts to state a cause of action

27   against the district for negligence or negligent hiring, supervision, or retention; (3) failure of

28   plaintiffs' Unruh Civil Rights Act claim as a matter of law; (4) failure to state a claim for relief

4

1   for a violation of mandatory reporting duty under California Penal Code section 11166; (5) failure

2   of plaintiffs' Bane Act claim to state any facts that the District or its employees threatened,

3   intimidated, coerced or interfered with R.N.'s public education rights; (6) and plaintiffs' failure to

4   allege facts sufficient to state a claim of IIED against Mears.  District MPA ISO MTD at 5–6.

5   Mears also moves to dismiss plaintiffs' prayer for punitive damages.  *Id.*

6          The court addresses each of these arguments in turn.

7          **1.    ADA (Second Cause of Action) and Rehabilitation Act (Third Cause of**
8          **Action): TUSD and SCOE**

9          Plaintiffs' second amended complaint includes an allegation that the district "failed to

10  comply with the provisions of R.N.'s [individualized education plan] requiring that they provide

11  R.N. with an Augmentative and Alternative Communication device (AAC) to aid her in

12  communicating at school."  SAC ¶ 38.  R.N.'s inability to communicate "significantly increased

13  her frustration, limited her access to the educational benefits and opportunities she was entitled to,

14  excluded R.N. from participation in and denied her the benefits of available services, programs

15  and activities."  *Id.*  Plaintiffs allege the District was "aware for weeks that R.N.'s AAC device

16  was inoperable but they failed to repair it or to provide R.N. with a replacement AAC device that

17  worked."  *Id.* ¶ 104.  They further allege R.N.'s frustration manifested "in increased maladaptive

18  behaviors," which caused Gumapas to respond "in anger" and "physically abus[e] R.N."  *Id.*

19         The District objects to these new allegations, arguing "[t]o the extent Plaintiff alleges that

20  the special education provided to her was inadequate and that TUSD and SCOE failed to provide

21  her with a functioning AAC device as required by her IEP, Plaintiff has not exhausted her

22  administrative remedies."  District MPA ISO MTD at 10–11 (citing *Fry v. Napoleon Cmty. Sch.*,

23  137 S. Ct. 743, 754–55 (2017)).  Plaintiffs respond their claims are not "premised on the failure to

24  provide a functioning AAC Device" and any related facts "provide context for Gumapas'

25  escalating abuse and disability discrimination . . . ."  District Opp'n at 9.  To determine whether a

26  plaintiff seeks relief for the denial of a free appropriate public education (FAPE), and must

27  therefore exhaust her administrative remedies, courts must look "to the 'substance' of, rather than

the labels used in, the plaintiff's complaint . . . or, in legal speak, the gravamen—of the plaintiff's complaint." *Fry*, 137 S. Ct. at 755 (citations omitted).

The court agrees these new allegations are relevant to plaintiffs' disability discrimination claims and have not transformed plaintiffs' claim into one for denial of a FAPE. *Paul G. v. Monterey Unified Sch. Dist.*, 933 F.3d 1096, 1101 (9th Cir. 2019) (claims are "fundamentally educational" if they request "access to a particular kind of school as required by [] IEP"); *see also P.H. v. Tehachapi Unified Sch. Dist.*, No. 1:17-CV-00257-DAD-JLT, 2017 WL 3085020, at *4 (E.D. Cal. June 9, 2017) (allegation that defendants isolated student from other children, "resulting in the denial of school programs and services, and physically and psychologically abused her because of her disability" did not require IDEA exhaustion).  Accordingly, plaintiffs' ADA and Rehabilitation claims do not require exhaustion of IDEA remedies and the court denies defendants' motion to dismiss.

> **2.    Mr. and Ms. Neff's Claims of Negligence (Fourth Cause of Action): TUSD, SCOE, and Mears; Negligent Hiring (Fifth Cause of Action): TUSD, SCOE**

Defendants argue plaintiffs Mr. and Ms. Neff fail to allege sufficient facts to state a cause of action against the TUSD, SCOE, and Mears for negligence or TUSD and SCOE for negligent hiring, supervision, or retention.

With claims of negligence, a plaintiff must plead "[t]he traditional elements of duty, breach of duty, causation and damages." *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).  This court previously determined plaintiffs had adequately pled District defendants' owing Mr. and Ms. Neff a duty of care such that they have standing to bring negligence claims.  *See* Previous Order (Dec. 8, 2020) at 14–15 (citing *Phyllis P. v. Superior Court*, 183 Cal. App. 3d 1193, 1196 (1986)).  At the same time the court also found plaintiffs' first amended complaint lacked "the specificity required" to state a negligence (or IIED) claim but granted leave to file an amended complaint "given that additional details now available [] from the police report appear to provide a basis for amendment." *Id.* at 25.

1    In their second amended complaint, as noted, plaintiffs detail with specificity Gumapas'

2    "ongoing mistreatment of students in her care including R.N. that occurred on various dates

3    between September 18, 2018 and October 30, 2018, including [list of verbal or physical abuses

4    perpetrated by Gumapas on unidentified students]."  SAC ¶¶ 28, 36.  Plaintiffs also make specific

5    allegations which, if true, support the claim defendants were aware of this misconduct prior to the

6    November 14, 2018 incidents involving R.N.  *Id.* ¶¶ 28–36.  Finally, the operative complaint

7    alleges that "despite their actual knowledge of ongoing abuse," the District defendants failed "to

8    act to prevent abuse of R.N." or "promptly notify R.N.'s parents of the abuse."  *Id.*  ¶¶ 47, 102.

9    As a result, R.N. "suffered physical, behavioral and psychological harm and [Mr. and Ms. Neff]

10   have suffered emotional distress and psychological harm."  *Id.*  Construing these allegations in

11   the light most favorable to the plaintiff and accepting as true the factual allegations of the

12   complaint, including that District defendants knew Gumapas had abused R.N. prior to November

13   14, Mr. and Ms. Neff have stated a claim for negligence sufficient to withstand a motion to

14   dismiss.  *Erickson*, 551 U.S. at 93–94.

15   Defendants do not offer a separate argument as to why plaintiffs fail to state a claim

16   against TUSD and SCOE for negligent hiring, supervision, or retention of an employee.  *See*

17   *generally* District MPA ISO MTD.  Accordingly, the court also denies defendants' motion to

18   dismiss this claim.

19   **3.      Unruh Civil Rights Act (Seventh Cause of Action): TUSD and SCOE**

20   Defendants TUSD and SCOE argue plaintiffs' Unruh Civil Rights Act claim fails as a

21   matter of law because "California has unequivocally decided that public schools are not 'business

22   establishments' within the meaning of the law."  District MPA ISO MTD at 16.  This mirrors the

23   argument defendants made in their motion to dismiss the first amended complaint, Mot. to

24   Dismiss, ECF No. 12-1 at 19, save for an additional citation to a California appellate court

25   decision issued shortly before this court's previous order.  *See* District MPA ISO MTD at 16

26   (citing *Brennon B. v. Superior Court*, 57 Cal. App. 5th 367 (2020)).

27   Previously, this court found R.N.'s school to be a business establishment under the Unruh

28   Act, "while recognizing there is a split among district courts within the Ninth Circuit on the

1   question, and the California Supreme Court has not resolved it."  Previous Order (Dec. 8, 2020) at
2   16.  In a thorough, well-reasoned opinion, the California appellate court in *Brennon B.* concluded
3   that "public school districts are not business establishments under the Unruh Civil Rights Act."
4   57 Cal. App. 5th at 369.  In February 2021, the California Supreme Court granted review.
5   *B. (Brennon) v. S.C.*, 275 Cal. Rptr. 3d 232 (2021).  California district courts are split regarding
6   whether plaintiffs may bring Unruh Civil Rights Act claims against public schools while this case
7   is still pending before the Supreme Court of California.  *See Montoya v. City of San Diego*, No.
8   190054, 2021 WL 4993090, at *2 (S.D. Cal. Oct. 27, 2021) ("During [California Supreme Court]
9   review, the Court of Appeal decision has no binding or precedential effect, *see* Cal. Rules of
10  Court Rule 8.115(e)(1). . . . this court declines to reopen the Unruh issue at this time."); *Yates v.*
11  *E. Side Union High Sch. Dist.*, No. 182966, 2021 WL 3665861, at *6 (N.D. Cal. Aug. 18, 2021)
12  (same); *L.L. v. Keppel Union Sch. Dist.*, No. 20699, 2021 WL 4692781, at *4 (C.D. Cal. July 29,
13  2021) (finding "arguments why this Court should not follow [*Brennon*'s] reasoning are not
14  persuasive" because the decision was "sound and persuasive . . ."); *Doe 1 v. Manhattan Beach*
15  *Unified Sch. Dist.*, No. 196962, 2021 WL 3883910, at *7 (C.D. Cal. Aug. 31, 2021*), appeal*
16  *dismissed*, No. 2155979, 2021 WL 7366517 (9th Cir. Dec. 10, 2021) (granting summary
17  judgment on plaintiff's "Unruh Act claim because California recently determined that 'public
18  school districts are not business establishments under the Unruh Act.'"); *Roe v. Rialto Unified*
19  *Sch. Dist.*, No. 19863, 2021 WL 4571994, at *5 (C.D. Cal. Aug. 12, 2021) (same).
20         In light of the Ninth Circuit's admonition to generally "follow a published intermediate
21  state court decision regarding California law unless [a court is] convinced that the California
22  Supreme Court would reject it," this court grants defendants' motion to dismiss with respect to
23  the Unruh Act claim, with leave to seek amendment if there is yet another intervening change in
24  law.  *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (quoting *Muniz v. United*
25  *Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013)).

1
2

### 4.   Cal. Penal Code § 11166 (Eighth Cause of Action): TUSD, SCOE, and Mears

3        Defendants renew their argument that the court should dismiss plaintiff's claim under

4 California Penal Code section 11166, a mandatory reporting statute, for failure to plead "specific,

5 non-conclusory facts" indicating R.N. was the subject of abuse prior to November 14, 2018.

6 District MPA ISO MTD at 17.  In its previous order on defendants' first motion to dismiss, this

7 court dismissed the claim because plaintiffs did not allege "sufficient facts to demonstrate the

8 District defendants did not 'exercise[. . .] reasonable diligence to discharge the duty,' as required

9 to proceed."  Previous Order (Dec. 8, 2020) at 21.  While plaintiffs did not address defendants'

10 argument in their current opposition, this court will not grant a 12(b)(6) motion solely because it

11 is unopposed.  *See Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (joining six circuit courts

12 who have held that "courts may not grant Rule 12(b)(6) motions solely because they are

13 unopposed").

14        As noted above, plaintiffs' second amended complaint includes new, non-conclusory

15 allegations regarding Gumapas' mistreatment of students including R.N. prior to the November

16 2018 incident.  *See* SAC ¶¶ 28, 36.  For this reason, the court denies defendants' renewed motion

17 to dismiss plaintiff's claim under California Penal Code section 11166.

18

### 5.   Bane Act (Ninth Cause of Action): TUSD, SCOE, Mears

19        The Bane Act prohibits intentionally interfering with a person's state civil rights by way

20 of threats, intimidation, or coercion.  *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 332 (1998).

21 Defendants argue R.N. fails to state any facts that TUSD, SCOE, or Mears personally threatened,

22 intimidated, coerced, or interfered with R.N.'s public education rights, and therefore fails to state

23 a claim under the Bane Act.  MPA ISO MTD at 17.

24        As noted in this court's previous order, the elements of a Bane Act excessive force claim

25 are essentially identical to those of a § 1983 excessive force claim, *Chaudhry v. City of Los*

26 *Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014), though a Bane Act claim also requires a showing

27 of "a specific intent to deprive that person of those [constitutional] rights," which can be proven

28 by "reckless disregard" of those same rights, *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1045

9

1   (9th Cir. 2018) (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).  Previous Order

2   (Dec. 8, 2020) at 22.

3          Plaintiffs do not allege TUSD or SCOE violated R.N.'s constitutional rights by using

4   excessive force, let alone that defendants threatened, intimidated, or coerced her.  *See generally*

5   SAC.  Instead, plaintiffs aver District defendants' "knowing inaction and acquiescence to

6   Gumapas' ongoing continued abuse of R.N. . . . constituted reckless disregard for her rights, and

7   that this behavior intimidated her such that she was deprived of her constitutional right to an

8   education free of dangerous harassment and abuse."  District Opp'n at 19.  Plaintiffs cite two

9   cases to support their argument that the "question [in a Bane Act claim] is whether a reasonable

10  person, standing in the shoes of the Plaintiff, would have been intimidated, threatened or coerced

11  by the actions of Defendants."  District Opp'n at 19 (citing *Richardson v. City of Antioch*,

12  722 F. Supp. 2d 1133, 1147 (2010); *Winarto v. Toshiba America Electronics Components, Inc.*,

13  274 F.3d 1276, 1289-90 (9th Cir. 2001)).  Both cases are easily distinguished on the facts, as both

14  involve allegations of threatening, intimidating, or coercive actions by defendants.  Plaintiffs do

15  not cite any case law supporting their argument that a Bane Act claim can be premised on

16  allegations of "knowing inaction" or "acquiescence" to a third party's misconduct.  The court

17  therefore grants defendants' motion to dismiss the Bane Act claim as to TUSD and SCOE,

18  without leave to amend because plaintiffs have had the opportunity to cure deficiencies and have

19  not done so.  *Loos v. Immersion Corp.*, 762 F.3d 880, 890 (9th Cir. 2014), *as amended* (Sept. 11,

20  2014).

21         Defendants no longer move to dismiss R.N.'s excessive force claim against Mears, but

22  plaintiffs' § 1983 claim is grounded in Mears' alleged supervisory liability for Gumapas'

23  constitutional violation.  SAC ¶¶ 64–91.  In other words, as with TUSD and SCOE, plaintiffs do

24  not allege Mears himself engaged in excessive force in violation of R.N.'s constitutional rights.

25  For this reason, the court also grants defendants' motion to dismiss R.N.'s Bane Act claim against

26  Mears.

6.      **IIED (Tenth Cause of Action): Mears**

Defendants argue plaintiffs' operative complaint still fails to allege facts sufficient to state a claim of IIED against Mears.  District MPA ISO MTD at 20–21.  The elements of an IIED claim are (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard as to the probability of causing, emotional distress; (2) plaintiff's severe or extreme emotional distress; and (3) causation.  *Christenson v. Superior Court*, 54 Cal. 3d 868, 903 (1991).  While plaintiffs' first amended complaint did "little more than recite the elements of an IIED claim against Mr. Mears," Previous Order (Dec. 8, 2020) at 23, the operative complaint alleges Mears was aware of specific instances of ongoing abuses that would demonstrate a reckless disregard for inflicting emotional distress on plaintiffs.  *See, e.g.,* SAC ¶¶ 28–36.  For this reason, the court declines to dismiss plaintiffs' IIED claim.

7.      **Punitive Damages: Mears**

Mears again moves to dismiss plaintiffs' request for punitive damages, arguing plaintiffs do not allege theories by "clear and convincing evidence" that Mears is guilty of oppression, fraud, or malice.  Cal. Civ. Code § 3294(a).  As with their first amended complaint, plaintiffs do not include allegations of specific acts supporting their claim Mears acted "maliciously, fraudulently and oppressively" and so the court again grants defendants' motion to dismiss, without leave to amend.  *See generally* SAC; *Loos*, 762 F.3d 880 at 890.

B.      **Gumapas' Motion to Dismiss**

Defendant Gumapas contends the court should dismiss plaintiffs' case because: (1) plaintiffs Nicole and Chris Neff do not allege sufficient facts to state a cause of action against Gumapas for negligence; (2) plaintiffs fail to state any facts that Gumapas threatened, intimidated, coerced or interfered with R.N.'s public education rights to plead a viable Bane Act claim; and (3) and plaintiffs Nicole and Chris Neff fail to allege facts sufficient to state a claim of IIED.  Gumapas MPA ISO MTD at 10–16.  The court addresses her arguments below.

1            **1.      Negligence (Fourth Cause of Action)**

2            As do District defendants, Gumapas argues plaintiffs Mr. and Ms. Neff fail to allege

3    sufficient facts to state a cause of action against her for negligence.  For the reasons set forth

4    above, the court finds the facts alleged in plaintiffs' second amended complaint have the

5    specificity required to proceed, at this stage.  *See* SAC ¶¶ 28–36.  Accordingly, the court denies

6    defendant's motion to dismiss Mr. and Ms. Neff's negligence claim.

7            **2.      Bane Act (Ninth Cause of Action)**

8            Gumapas next argues the court should dismiss plaintiff R.N.'s Bane Act Claim because

9    R.N. did not allege she had any change in her school attendance after the incident, was asked not

10   to return to school, or was pulled out of school by her parents after the incident.  Gumapas MPA

11   ISO MTD at 13.

12           As discussed above, the elements of a Bane Act excessive force claim mirror those of a

13   § 1983 excessive force claim, *Chaudhry*, 751 F.3d at 1105, though the former requires a showing

14   of "specific intent" to deprive someone of, or "reckless disregard" for, her constitutional rights,

15   *Reese*, 888 F.3d at 1045 (quoting *Reese*, 2 F.3d at 885).  Previous Order (Dec. 8, 2020) at 22.

16   Because Gumapas does not move to dismiss the § 1983 excessive force claim against her, the

17   court presumes plaintiffs have satisfied the overlapping elements.  Thus, the only question is

18   whether plaintiffs have adequately pled Gumapas acted with "reckless disregard" for R.N.'s right

19   to education.  Here, the court agrees with plaintiffs that Gumapas' alleged abuse and mistreatment

20   of R.N. amount to a "reckless disregard" of R.N.'s rights.  Based on the pleadings, a reasonable

21   person standing in R.N.'s shoes would have been "intimidated, threatened, or coerced" by

22   Gumapas' actions.  *Richardson*, 722 F. Supp. 2d at 1147.  For this reason, the court denies

23   defendant's motion to dismiss R.N.'s Bane Act claim.

24           **3.      IIED (Tenth Cause of Action)**

25           Gumapas also moves to dismiss Mr. and Ms. Neff's IIED claims, arguing they do not

26   allege facts sufficient to state a claim.  The court denies Gumapas' motion for the same reasons it

denies Mears' motion to dismiss the IIED claims: the second amended complaint contains specific and sufficient factual allegations to state a claim for IIED, at least at this stage.

## IV.   CONCLUSION

For the reasons discussed above, the court:

- **Denies TUSD and SCOE's motion to dismiss R.N.'s second and third causes of action for discrimination under the ADA and Rehabilitation Act;**
- **Denies District defendants' motion to dismiss Mr. and Ms. Neff's fourth cause of action for negligence;**
- **Denies TUSD and SCOE's motion to dismiss Mr. and Ms. Neff's fifth cause of action for negligent hiring, supervision, and retention of employee;**
- **Grants TUSD and SCOE's motion to dismiss with respect to R.N.'s seventh cause of action, violation of the Unruh Civil Rights Act, with leave to seek amendment if there is an intervening change in law;**
- **Denies District defendants' motion to dismiss plaintiffs' eighth cause of action for violation of the California Penal Code section 11166;**
- **Grants District defendants' motion to dismiss R.N.'s ninth cause of action for violation of the Bane Act;**
- **Denies Mears' motion to dismiss plaintiffs' tenth cause of action for IIED**
- **Grants Mears' request to dismiss plaintiffs' request for punitive damages;**
- **Denies Gumapas' motion to dismiss Mr. and Ms. Neff's negligence claim;**
- **Denies Gumapas' motion to dismiss R.N.'s Bane Act claim; and**
- **Denies Gumapas' motion to dismiss Mr. and Ms. Neff's IIED claim.**

This order resolves ECF Nos. 33 and 34.

IT IS SO ORDERED.

DATED:  April 25, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE